UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-20008-CR-LEIBOWITZ(s)</u>

**UNITED STATES OF AMERICA**

vs.

**MICHAEL KARL GEILENFELD,**

      **Defendant.**

_____/

**<u>PROTECTIVE ORDER</u>**

      **THIS CAUSE** came before the Court upon the government's motion for protective order. Having considered the government's motion, and being otherwise fully advised in this premises, it is hereby **ORDERED** and **ADJUDGED** that the government's motion is **GRANTED**. The Court finds that there is a significant possibility that disclosures of information concerning the minors in this case without the below protective measures would be detrimental to the minors. Therefore, pursuant to 18 U.S.C. § 3509(d)(3), 18 U.S.C. § 3771(a)(1), (a)(8), and Fed. R. Crim. P. 16(d), it is further ordered that:

      1.    Counsel for the government and for the Defendant shall not provide the material responsive to the standing discovery order to any person except as specified in the Court's order or by prior approval of the Court.

      2.    The Defendant shall possess the material responsive to the standing discovery order only in the presence of his counsel and only as necessary for counsel to prepare the case.

      3.    Employees of the government or defense counsel may possess the material responsive to the standing discovery order, but only as necessary to prepare the case.

      4.    Counsel for the Defendant and the government shall refer to the victims in this case

by their pseudonyms (Minor Victim 1, Minor Victim 2, etc.) in any public filing. Should either party need to file something with the Court that would have the effect of identifying the victim, or that discusses any sensitive matters that would impact any victim, witness, or other civilian's dignity or privacy, such filings shall be submitted to the Court under seal;

5. Third parties contracted by the government or the defense to provide expert analysis or testimony may possess the material responsive to the standing discovery order, but only as necessary to prepare the case.

6. Counsel for the Defendant shall ensure that the Defendant and any third party that obtains access to the material responsive to the standing discovery order are provided a copy of the Court's order. No third party that obtains access to or possession of the material responsive to the standing discovery order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the standing discovery order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the standing discovery order to assist in the preparation of the case.

7. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the Defendant shall destroy or cause to be destroyed all

copies of the material responsive to the standing discovery order, except that they may maintain copies in their closed case files following their ordinary procedures.

**DONE** and **ORDERED** in chambers this \_\_\_\_ day of April 2024, in Miami, Florida.

_____
HONORABLE DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

*Copies to counsel of record*