UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 20-14023-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

v.

COLTIN RYLIE PLUMMER

       **Defendant.**
_____/

## AGREED DISCOVERY PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and 18 U.S.C. § 3509(d), the United States of America ("the government"), Coltin Rylie Plummer ("Defendant"), and defense counsel, hereby stipulate to the following, and the Court therefore orders:

1. This Protective Order governs all discovery material, both originals and copies thereof, including the written and recorded material and any information contained therein, items provided in the response to the standing discovery order, as well as copies of any material extracted from digital devices, produced by the government in discovery as "PROTECTED DISCOVERY MATERIAL."

2. Title 18, United States Code, Section 3509(d) states as follows:

    **(d) Privacy protection.--**
        **(1) Confidentiality of information.--(A)** A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--
            **(i)** keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and

1

<span style="color:red">Exhibit D</span>

> > **(ii)** disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.
> >
> > **(B)** Subparagraph (A) applies to--
> > > **(i)** all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
> > > **(ii)** employees of the court;
> > > **(iii)** the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
> > > **(iv)** members of the jury.
>
> **(2) Filing under seal.**--All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court--
> > **(A)** the complete paper to be kept under seal; and
> > **(B)** the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.
>
> **(3) Protective orders.--(A)** On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.
> > **(B)** A protective order issued under subparagraph (A) may--
> > > **(i)** provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
> > > **(ii)** provide for any other measures that may be necessary to protect the privacy of the child.
>
> **(4) Disclosure of information.**--This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

3. The United States will make available copies of PROTECTED MATERIAL to defense counsel to comply with the government's discovery obligations. Possession of PROTECTED DISCOVERY MATERIAL is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

4. The attorneys of record and members of the defense team may display and review PROTECTED DISCOVERY MATERIAL with Defendant. Providing PROTECTED DISCOVERY MATERIAL to other persons is prohibited. Notwithstanding any other provision of this Protective Order, no PROTECTED DISCOVERY MATERIAL may be left with or given to Defendant outside the presence and supervision of another member of the defense team, unless ordered by the Court or the government agrees in writing that that document contains no confidential information and may be provided to Defendant.

5. Counsel for Defendant shall ensure that Defendant and any third party that obtains access to the PROTECTED DISCOVERY MATERIAL are provided a copy of the Court's order. No third party that obtains access to or possession of the PROTECTED DISCOVERY MATERIAL shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the PROTECTED DISCOVERY MATERIAL shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material to assist in the preparation of the case.

6. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure, and the Local Criminal Rules.

Exhibit D

7.	Any PROTECTED DISCOVERY MATERIAL that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matters before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents. Any publicly filed or disseminated documents that refer to any victim or minor witness shall do so by a generic name, such as "Minor Victim 1."

8.	The defense team shall use PROTECTED DISCOVERY MATERIAL only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes all pretrial, trial, and post-trial proceedings in this Court, any appeals, and any motion filed by the Defendant under 28 U.S.C. § 2255 (including any appeals of the disposition of such a motion). Upon the final disposition of this case, PROTECTED DISCOVERY MATERIAL shall not be used, in any way, in any other matter, absent a court order. All PROTECTED DISCOVERY MATERIAL shall remain subject to this Protective Order unless and until this Order is modified by the Court.

9.	The provisions of this Order shall not terminate at the conclusion of this prosecution.

10.	Any PROTECTED DISCOVERY MATERIAL provided pursuant to this Order shall be destroyed or returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Eleventh Circuit or Supreme Court of the United States.

Exhibit D

11.  Any violation of any term or condition of this Order by Defendant, Defendant's attorney(s) of record, or any member of the defense team, may result in that person being held in contempt of court and/or being subject to monetary or other sanctions as deemed appropriate by this Court. If Defendant violates any term or condition of this Order, he may be subject to a sentencing enhancement for obstruction of justice, or to criminal penalties.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of March, 2020.

_____
SHANIEK M. MAYNARD
United States Magistrate Judge

5

Exhibit D

## ACKNOWLDGEMENT OF PROTECTIVE ORDER

The undersigned acknowledges that he or she has received a copy of the Protective Order in United States v. Coltin Rylie Plummer, Case No. 20-14023-CR-KMM, has read, understands, and agrees to its terms, and hereby submits to the jurisdiction of the United States District Court for the Southern District of Florida, for the purposes of enforcement of the terms of the order and the punishment of any violations.

Date: _____

_____
Name

_____
Street Address

_____
City, State, Zip

_____
Telephone Number

_____
Email

<div style="text-align:right;color:red">Exhibit D</div>