UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20008-CR-LEIBOWITZ(s)

UNITED STATES OF AMERICA

vs.

MICHAEL KARL GEILENFELD,

    Defendant.
_____/

## SPEEDY TRIAL REPORT

Pursuant to this Court's Order Setting Trial and Pretrial Schedule (ECF No. 30), the United States hereby files this Speedy Trial Report regarding the status of this case under the Speedy Trial Act of 1984, 18 U.S.C. § 3161 *et seq.* ("Speedy Trial Act"). The United States submits that as of this writing, post-indictment, zero non-excludable days have elapsed under the Speedy Trial Act, and there have been no developments impacting the speedy trial calculation since the last Speedy Trial Report. The Government has conferred with Defendant's counsel, who agrees with the Government's calculations. In support of this Report, the Government further states as follows:

A federal grand jury indicted the Defendant on January 18, 2024. (DE 3).[1] The Defendant was arrested in Colorado on January 22, 2024 (Colorado DE 2), where he had a detention hearing on January 26, 2024, and February 1, 2024 (Colorado DEs 11 and 15).[2] The Magistrate Judge in Colorado denied the Government's motion for pre-trial detention and ordered the entry of a bond. (Colorado DE 15). Nevertheless, the government indicated its

---

[1] All docket entries are from the instant case in the Southern District of Florida unless otherwise noted.

intention to appeal the Magistrate Judge's release order, so the Magistrate Judge stayed its order pending a ruling from the District Court in the Southern District of Florida. *Id.* On February 7, 2024, the government filed its Appeal from the Magistrate Judge's Order Denying the Government's Motion for Pre-Trial Detention. (DE 6 ("Government's Appeal")). "[Section] 3161(h)(1)(D) stops the speedy trial clock from running automatically upon the filing of a pretrial motion irrespective of whether the motion has any impact on when the trial begins." *United States v. Tinklenberg*, 563 U.S. 647, 660 (2011). When computing time under the Speedy Trial Act, both the day on which a motion is filed and the day on which the Court disposes of the motion are excluded. *United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984).

Thereafter, on March 29, 2024, the Defendant had his initial appearance and arraignment in the Southern District of Florida, triggering the start of the 70-day Speedy Trial requirement. (DE 15); *see also United States v. Wilkerson*, 170 F.3d 1040, 1042 (11th Cir. 1999) ("[T]he plain language of the statute establishes the triggering date as '*the date the defendant has appeared before a judicial officer of the court in which such charge is pending*.'" (quoting 18 U.S.C. § 3161(c)(1))) (emphasis is original). An arraignment is a "proceeding concerning the defendant" and is excludable from the Defendant's speedy trial period. 18 U.S.C. § 3161(h); *see also United States v. Severdija*, 723 F.2d 791, 792 (11th Cir. 1984) (excluding the date of arraignment under 18 U.S.C. § 3161(h)).

On April 11, 2024, a federal grand jury returned a superseding indictment against the Defendant. (DE 19). On April 12, 2024, the Government filed a motion for a protective order. (DE 21). On April 16, 2024, this Court arraigned the Defendant on the superseding indictment, granted the Government's Appeal and motion for a protective order, and ordered the Defendant

---

[2] "Colorado DE" refers to docket entries in the case opened in the District of Colorado opened as

detained pending trial. (DE 23, 26). On the same date, this Court set a status conference for June 25, 2024, and excluded the time from April 16, 2024, through June 25, 2024, from the deadline for trial as computed under the Speedy Trial Act in the interest of justice, 18 U.S.C. § 3167(h)(7), and without objection from the Defendant. *Id.* On June 25, 2024, this Court held a second status conference and scheduled trial for February 3, 2025, based on recommendations from the parties. *See* (DEs 29 and 30). The Court excluded the time from June 25, 2024, through February 3, 2025, from the deadline for trial as computed under the Speedy Trial Act, in the interest of justice, 18 U.S.C. § 3167(h)(7), and without objection from the Defendant. (DE 29). Accordingly, zero non-excludable days have elapsed under the Speedy Trial Act.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  */s/ Lacee Elizabeth Monk*
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No.100322
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9427
Email: Lacee.Monk@usdoj.gov

*/s/ Jessica L. Urban*
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Jessica.Urban@usdoj.gov

---

a result of the Defendant's arrest. *See* D. Colo. Case No. 24-MJ-12.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2024, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

                                                    */s/ Jessica L. Urban*
                                                    Jessica L. Urban
                                                    Trial Attorney