UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **24-20008-CR-LEIBOWITZ(s)**

UNITED STATES OF AMERICA

vs.

MICHAEL KARL GEILENFELD,

    **Defendant.**
_____/

**THE UNITED STATES' REPLY IN FURTHER SUPPORT OF ITS
OMNIBUS MOTION *IN LIMINE* REGARDING TRIAL EVIDENCE**

The Defendant's response to the Government's omnibus motion *in limine* does not provide factual or legal support for rejecting any of the Government's requests. As further set forth herein and in its prior filings, as well as at the scheduled motions hearing, the Court should grant the Government's motion *in limine*.

**I.    Evidence of, and Reference to, Other Prosecutions and Litigation, Investigations, and Proceedings Concerning Allegations of Abuse Against Geilenfeld, Should be Precluded**

Contrary to the Defendant's contention, neither the Government's calling charged Minor Victim 4 nor its proposed admission of Rule 413/414/404(b) evidence means that the Defendant should be able to introduce the other prosecutions and litigation, investigations, and proceedings involving the Defendant. This is not the Government improperly "seek[ing] to use the Federal Rules of Evidence as both a sword and a shield," Def. Resp. 4, or "seek[ing] wide latitude to admit *any* evidence it believes to be inculpatory, while asking the Court to . . . preclude any exculpatory evidence," *id.* (citation omitted), but rather a proper application of the Rules of Evidence and case law.

As an initial matter, although the Defendant asserts that the "prior matters" involved "a number of the witnesses the government seeks to call pursuant to Rules 404(b), 413 and 414," Def. Mot. 4, the Government clarified in its Response to the Defendant's Motion in Limine to exclude such evidence that the Government has not yet determined precisely whom it will call as trial witnesses; it noticed Victims A-C and G-N and Witnesses 1-3 in an abundance of caution, as being in the pool of individuals from which it expects to draw. Gov't Resp. 2 (ECF No. 42).

In any event, the Eleventh Circuit rejected a similar sword-and-shield defense argument in *United States v. Ellisor*, 522 F.3d 1255 (11th Cir. 2008). There, the district court admitted the government's evidence of the defendant's other "misconduct" under Rule 404(b), in order to show the defendant's intent with respect to the charged crimes (fraud), and the Eleventh Circuit affirmed its admission. *Id.* at 1266-68. The district court also granted the government's motion in limine "to preclude [the defendant] from introducing extrinsic evidence of purportedly legitimate business activities in order to negate evidence of his fraudulent intent with respect to the [charged crimes]." *Id.* at 1270. The defendant "contend[ed] that because the Government was permitted to introduce evidence of the [other] misconduct . . . , the district court abused its discretion by preventing him from presenting [certain evidence] . . . to negate such evidence of intent." *Id.* The Eleventh Circuit found his argument "devoid of merit." *Id.* In particular, it explained that even if the evidence the defendant sought to admit was "relevant, the evidence would be inadmissible under Rule 403, as any marginal probative value of the evidence would be vastly outweighed by the risk of confusion of the issues, misleading the jury, and considerations of undue delay and waste of time." *Id.*; *see also id.* (reasoning that, if the defense introduced such evidence, "the trial would be greatly prolonged by the Government's need to present evidence in rebuttal").

So too here.  The jurors' task will be to assess the credibility of the testifying victims/witnesses, as it determines whether the accounts of abuse that they describe satisfy the elements of the federal crimes the Defendant is charged with committing.  As set forth in the Government's motion in *limine*, the Government is not seeking to preclude the defense from questioning any testifying victim/witness about the abuse itself, nor about any prior inconsistent statement(s) the witness may have made about the abuse (notwithstanding if it occurred in a prior investigation, litigation, or other proceeding), consistent with the Federal Rules of Evidence (e.g., Rule 613).  *See* Gov't MIL 6 n.3 & 8 (ECF No. 39) (suggesting language to use in such circumstance, to avoid triggering the concerns set forth in the motion and cited case law). However, for the defense to go beyond that and especially to introduce evidence "that the allegations made by the witnesses . . . have been [previously] examined and found wanting," Def. Resp. 4, is inappropriate under the Rules of Evidence and the case law cited by the Government and should be squarely prohibited.

## II.     Improper Character Evidence, Including Specific Instances of Good Conduct by the Defendant, Should be Precluded

The Defendant's response to the Government's motion to preclude improper character evidence (including specific instances of good conduct by the Defendant) acknowledges that the Defendant "has not identified evidence relevant to a pertinent character trait" that he intends to introduce at trial.  Def. Resp. 2.  The Defendant's contention that he should nonetheless be allowed to testify "concerning his family, personal and professional background" and his "professional experiences," "to show who he is generally," *id.* at 2-3, is contrary to the Rules of Evidence and the precedential and persuasive case law cited in the Government's motion (which authority the Defendant does not address).

Even the sole case cited by the Defendant, *United States v. Jakits*, does not support the scope of testimony the Defendant seemingly seeks to offer if he elects to testify in his own defense. In *Jakits*, the government moved to preclude "evidence and argument regarding Defendant's prior good acts, including his 'strong relationship with his daughter, his relationship with his life partner, his role as an engaged and involved grandfather, his close relationship with his brothers, and his role as a supportive and engaged member of the professional sailing community and businessman.'" No. 2:22-cr-194, 2023 WL 3191567, at *5 (S.D. Ohio May 2, 2023). The defendant, in turn, "state[d] that he 'ha[d] no intention of introducing evidence of specific instances in which he helped people, did something worthy of commendation, or accomplished something impressive.'" *Id.* Rather, the defendant sought to "testify that he has a life partner, a daughter, two granddaughters, and was a successful businessman.'" *Id.* The court concluded that this more limited testimony did not "venture into the realm of 'specific good acts,'" and thus it granted in part and denied in part the motion. *Id.*

The Defendant here, in contrast, seems to seek wider latitude, including to testify under the guise of mere "background" about his "professional experiences," Def. Resp. 2-3—experiences that he does not specify in his response, but that as set forth in the Government's motion may include his missionary work before founding SJHB, his interactions with and inspiration from Mother Teresa, and his actions in impoverished countries. *See* Gov't MIL 13. The Defendant does not explain *why* "[s]uch testimony would be indispensable and relevant foundation for the jury to hear and consider." Def. Resp. 2. And the Defendant does not explain how such testimony would not just be a way of improperly suggesting to the jury that the Defendant is "a good person, a family man, or is generous, religious, moral, or hard-working," and thus should be considered less likely to have committed the charged crimes. *United States v.*

*Walji*, No. 2:23-cr-11, 2024 U.S. Dist. LEXIS 161845, at *6-7 (W.D. Wash. Sept. 9, 2024).

Similarly, the Defendant implies he should be able to elicit testimony from witnesses to the effect that they were "neither abused nor witnessed abuse." Def. Resp. 2; *see id.* (making the conclusory assertion that "[t]estimony of witnesses concerning their experiences is not character evidence"). To the extent this is indeed the Defendant's position, it is contrary to the Eleventh Circuit law cited in the Government's motion, and the Court should preclude such testimony.[1]

## CONCLUSION

For the reasons set forth herein and in its prior filings, as well as at the scheduled motions hearing, the Government respectfully requests that the Court grant its omnibus motion *in limine*.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: */s/ Lacee Elizabeth Monk*
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No.100322
99 NE 4th Street
Miami, Florida 33132-2111
Phone: (305) 961-9427
Email: Lacee.Monk@usdoj.gov

*/s/ Jessica L. Urban*
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division

---

[1] To be clear, the Government is not seeking to preclude witnesses from taking the stand simply because they were not abused and were not eyewitnesses to abuse. Such witnesses may have other admissible testimony to provide. However, this is distinct from the Defendant calling witnesses to testify that they were neither abused nor eyewitnesses to any abuse (i.e., that the Defendant did not engage in abuse of those other individuals).

5

U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Jessica.Urban@usdoj.gov

*/s/ Eduardo Palomo*
Eduardo Palomo
Florida Special Bar ID No. A5503186
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 305-9635
Eduardo.Palomo2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

*/s/ Jessica L. Urban*
Jessica L. Urban
Trial Attorney