UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  24-20008-CR-DSL

UNITED STATES OF AMERICA,

     Plaintiff,

v.


MICHAEL KARL GEILENFELD,

     Defendant.

_____/


## MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT'S PROPOSED SUPPLEMENTAL 413, 414, AND 404(b) EVIDENCE


     The Defendant, through undersigned counsel, files this Motion *In Limine* to Exclude government's supplemental proposed Federal Rules of Evidence 413, 414, and 404(b) evidence and requests that the Court exclude the government's proffered evidence at the trial in this matter and states:

     The government's Supplemental Notice lists two additional witnesses (Witnesses 4 and 5) and one additional alleged victim ("alleged victim E"), as well as additional proposed testimony by alleged victim L concerning a newly disclosed alleged victim ("alleged victim D"). Mr. Geilenfeld objects to the admission of these witnesses' proposed testimony.

### Witness 4

The proposed testimony of Witness 4 relates to four distinct areas. First, it concerns allegations regarding punishments imposed by Mr. Geilenfeld on the residents of Saint Joseph. Second, it involves the witness's observations of an uncharged alleged victim. Third, it relates to Mr. Geilenfeld's alleged "change in ... demeanor." Finally, the fourth area involves hearsay testimony about statements made by alleged victim L. The Government's Notice does not indicate the basis for the admission of this witness's proposed testimony, other than the heading that indicates the filing relates to Rules 413, 414 and 404(b). The proposed testimony of Witness 4 does not allege the commission of another sexual assault and, therefore, cannot be admitted under Rules 413 and 414.

As this testimony is inadmissible under Rules 413 and 414, it appears that the government is seeking to admit this evidence under Rule 404(b). However, the government has not disclosed in its Notice the basis under Rule 404(b) for the admission of this evidence. Consequently, Mr. Geilenfeld contends that the government's Notice is deficient and the proposed evidence should be excluded.

Federal Rule of Evidence 404(b) states in pertinent part:

(1) Prohibited Uses: Evidence of a crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses: This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Eleventh Circuit "use[s] a three-part test to [decide if] other bad acts are admissible under Rule 404(b): (1) 'the evidence must be relevant to an issue other than the defendant's character;' (2) 'the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act;' and (3) 'the probative value of the evidence must not be substantially outweighed by its undue prejudice.'" *United States v. Holt*, 777 F.3d 1234, 1266 (11th Cir. 2015) (*citing United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir. 2010)). Rule 404(b) evidence must bear a "reasonable relationship" to the issues at trial. *United States v. Chavez*, 204 F.3d 1305, 1317 (11th Cir. 2000).

"If the government offers prior offense evidence, it must clearly articulate how that evidence fits into a chain of logical inferences ...." *United States v. Sampson*, 980 F.2d 883, 887 (3rd Cir. 1992); *See Also, United States v. Mastrangelo*, 172 F.3d 288, 295 (3rd Cir. 1999). As such, "[t]he

government must ... proffer a logical chain of inference consistent with its theory of the case." *Sampson*, 980 F.2d at 888. This articulation is particularly important in the context of 404(b) evidence, which can place unfairly prejudicial evidence before the jury, which may lead to conviction by a jury based on the character of the Defendant alone. Thus, "caution and judgement are called for, and a trial judge faced with an other crimes evidence problem should require the Government to explain why the evidence is relevant and necessary." *United States v. Manafzadeh*, 592 F.2d 81, 86 (2nd Cir. 1979).

Mr. Geilenfeld is at a disadvantage given the Government's failure to provide notice concerning the basis under Federal Rule of Evidence 404(b) for the proposed evidence and is therefore left to speculate as to the basis and its relevance. Mr. Geilenfeld maintains that the evidence concerning punishments at St. Joseph's is inadmissible character evidence offered merely to show that Mr. Geilenfeld is a harsh disciplinarian and a, therefore a bad person. With regard to the proffered evidence concerning a young male (unknown to the defense) being in Mr. Geilenfeld's room on an unknown date twenty-six years ago, the information is so vague that the potential for unfair prejudice outweighs its relevance. As to the witness's "demeanor" at an unknown time in the past, the proposed evidence is vague, speculative,

and unfairly prejudicial. Finally, the evidence concerning alleged victim L's statements is hearsay and, on that basis, should be deemed inadmissible.

### Witness 5

Mr. Geilenfeld relies on the same legal arguments concerning the deficiency of the Government's Notice as to Witness 5. The proposed testimony relates to an unknown child, not charged in the indictment in this matter, exiting Mr. Geilenfeld's room on an unknown date at some point during a two-year period more than thirty years ago. Without more information, the allegation is so vague that it would invite the jury to speculate as to its meaning.  Futhermore, given how vague the allegation is, it is impossible for Mr. Geilenfeld to address it.

### Alleged Victim E

Mr. Geilenfeld relies on the arguments previously raised concerning the admissibility of 413 and 414 evidence in his prior filings at Docket Entries 40 and 43. Even if the Court were to find that this evidence is potentially admissible under Rule 413 or 414, the proposed evidence of alleged victim E should be excluded as irrelevant and unduly prejudicial based on Federal Rule of Evidence 403. "Evidence admissible under Rule

414 must also meet the requirements of other provisions of the Federal Rules of Evidence, including Rule 403." United States v. Carino, 368 F. App'x 929, 930 (11th Cir. 2010).

The government cannot say whether this individual was an adult or a minor at the time of the alleged incidents. Unlike the charged victims in this case, it appears that this witness was an employee rather than a resident of St. Joseph's. The government makes a conclusory allegation that Mr. Geilenfeld "coerced" this individual, who was an employee rather than a resident but provides no information concerning how this "coercion" occurred. The details concerning the nature of the assault differ substantially from the allegations of the charged victims in this case. The government also seeks to introduce evidence that Mr. Geilenfeld slapped the individual, again without details concerning the circumstances surrounding the alleged battery. The government's Notice does not indicate when the alleged sexual acts occurred. The Notice merely indicates that this individual began working at St. Joseph's during a two-year time frame almost forty years ago but does not indicate when these acts allegedly took place during this individual's unknown period of employment. For these reasons, the government's proposed evidence is so vague and so dissimilar

to the charges in this matter that it is not relevant, and to the extent that it is relevant, it is unduly prejudicial.

## Alleged Victim L

Mr. Geilenfeld reiterates his previously filed objections and raises the same objections as to the proposed testimony of alleged victim L as raised concerning alleged victim E. The proposed testimony is irrelevant and unduly prejudicial and should be excluded based on Federal Rule of Evidence 403. As an initial matter, the Government's Notice indicates that alleged victim L "may" testify that he witnessed the sexual abuse of other residents, including newly disclosed alleged victim D. That the government cannot say with certainty what alleged victim L's testimony will be suggests that this individual has given contradictory or at least differing statements concerning these alleged incidents during the course of the government's investigation which appears to have begun at least five years ago. The notice provides no details concerning the proposed testimony related to alleged victims K and N that would enable Mr. Geilenfeld to meet the allegations. The apparent uncertainty of alleged victim L's anticipated testimony, therefore, raises Brady concerns in addition to its unduly prejudicial nature. Consequently, this evidence should be excluded.

Respectfully Submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

BY:      s/R. D'Arsey Houlihan
       R. D'Arsey Houlihan
       Supervisory Assistant Federal Public Defender
       Florida Bar No. 100536
       150 W. Flagler Street, Suite 1700
       Miami, Florida 33130-1556
       (305) 530-7000
       (305) 536-4559, Fax
       E-Mail:  d'arsey_houlihan@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **November 26, 2024**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       s/R. D'Arsey Houlihan
       R. D'Arsey Houlihan

8