**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 24-20008-CR-LEIBOWITZ(s)(s)**

**UNITED STATES OF AMERICA**

**vs.**

**MICHAEL KARL GEILENFELD,**

   **Defendant.**
_____/

**JOINTLY PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Pursuant to Fed. R. Crim. P. 30 and this Court's Order Setting Trial and Pretrial Schedule (DE 30), the parties respectfully submit their proposed jury instructions and verdict form.  As set forth in that Order, where the parties do not agree on a proposed instruction, the instruction is set forth in bold type; instructions proposed only by the Government are underlined, while instructions proposed only by the Defendant are italicized.  The parties request that they be allowed to propose such modified or additional instructions as become appropriate based on the trial testimony, and that the Court inform the parties, prior to closing arguments, which instructions the Court will provide.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ *Lacee Elizabeth Monk*
     Lacee Elizabeth Monk
     Assistant United States Attorney
     Florida Bar No. 100322
     U.S. Attorney's Office
     99 N.E. 4th Street
     Miami, FL 33132-2111
     Telephone: (305) 961-9427
     Email: lacee.monk@usdoj.gov

1

/s/ *Jessica L. Urban*
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Email: Jessica.Urban@usdoj.gov

/s/ *Eduardo Palomo*
Eduardo Palomo
Florida Special Bar ID No. A5503186
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 305-9635
Email: Eduardo.Palomo2@usdoj.gov


BY: *s/R. D'Arsey Houlihan*
R. D'Arsey Houlihan
Supervisory Assistant Federal Public Defender
Florida Bar No. 100536
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000
(305) 536-4559, Fax
E-Mail:  d'arsey_houlihan@fd.org

BY: /s/*Jean-Pierre Gilbert*
Jean-Pierre Gilbert
Assistant Federal Public Defender
Special A Number: A5502879
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: 305-530-7000
Fax: 305-536-4559
Jean-Pierre_Gilbert@fd.org

2

**P1 (modified)[1]**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crimes charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

What is not evidence:

Certain things are not evidence and must not be considered. I will list them for you now:

---

[1] Eleventh Circuit Pattern Jury Instructions, Preliminary Instruction No. P1 (2024).  Modified to add in "Conduct of the jury" section that attorneys are to ignore jurors outside the courtroom.

• Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

• Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.  Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

<u>Credibility of witnesses:</u>

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

• The opportunity and ability of the witness to see or hear or know the things testified to;
• The witness's memory;
• The witness's manner while testifying;
• The witness's interest in the outcome of the case and any bias or prejudice;
• Whether other evidence contradicted the witness's testimony;
• The reasonableness of the witness's testimony in light of all the evidence; and
• Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

<u>Conduct of the jury:</u>

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, or Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified. If you see the lawyers outside the courtroom (e.g., in the hallway or walking through the courthouse) and they ignore you, they are not being rude; they are simply following the court's direction.

6

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

Taking notes:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other

7

answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**B1**[2]
**Face Page - Introduction**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. <u>24-20008-CR-LEIBOWITZ(s)(s)</u>**

**UNITED STATES OF AMERICA**

**vs.**

**MICHAEL KARL GEILENFELD,**

    **Defendant.**
_____/

**<u>COURT'S INSTRUCTIONS</u>**
**<u>TO THE JURY</u>**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

---

[2] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B1 (2024).

**B2.1[3]**
**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Second Superseding Indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[3] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B2.1 (2024).

**B2.2[4]**
**The Duty to Follow Instructions and the Presumption of Innocence**
**When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Second Superseding Indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[4] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B2.2 (2024).

**B3[5]**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[5] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B3 (2024).

**B4**[6]

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[6] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B4 (2024).

**B5**[7]
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

[7] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B5 (2024).

**B6.1[8]**
**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

---

[8] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B6.1 (2024).

**B6.3[9]**
**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail. A defendant has a right not to testify.

But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

---

[9] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. B6.3 (2024).

**S3[10]**
**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

---

[10] Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 3 (2024).

## S4.1 (modified)[11]
## Similar Acts of Child Molestation and Sexual Assault Evidence
## (Rules 413 and 414, Fed. R. Evid.)

**During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged: contact between any part of the Defendant's body and the genitals or anus of a child under 14; contact between the genitals or anus of the Defendant and any part of the body of a child under 14; contact, without consent, between any part of the Defendant's body and another person's genitals or anus; and/or contact, without consent, between the Defendant's genitals or anus and any part of another person's body. You may consider this evidence for its bearing on any matter to which it is relevant.**

**It is entirely up to you to determine what weight, if any, such similar acts evidence deserves. In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.**

**However, you are cautioned that the Defendant is not on trial here for any acts or crimes not alleged in the Second Superseding Indictment. The Defendant may not be convicted of the crimes charged in the Second Superseding Indictment if you were to find only that he committed other crimes at some other time. You are reminded that, at all times,**

---

[11] *See United States v. Carter*, Case No. 11-20350-CR-LENARD (S.D. Fla. Feb. 28, 2013), at DE 251, p. 8 (Court's Instructions to the Jury) (modified), *conviction affirmed*, 776 F.3d 1309 (11th Cir. 2015); *United States v. Batton*, 602 F.3d 1191, 1199 (10th Cir. 2010) (affirming Rule 413 jury instruction) (modified); Fed. R. Evid. 413(d) & 414(d) (defining "child molestation" and "sexual assault" for purposes of such Rules); *see also* Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4.1 (2024) (modified).

**the Government bears the burden of proving beyond a reasonable doubt that the Defendant committed the offenses charged in the Second Superseding Indictment.**

**S4.1**[12]
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crimes charged in the Second Superseding Indictment, the Defendant had a motive or the opportunity to commit the acts charged in the Second Superseding Indictment, or the Defendant acted according to a plan or in preparation to commit the crimes charged in the Second Superseding Indictment.

You may not consider this evidence for any other purpose.

The Defendant is currently on trial only for the crimes charged in the Second Superseding Indictment.  You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the Second Superseding Indictment.

---

[12] Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4.1 (2024).

**S4.2**[13]
**Similar Acts Evidence - Identity**
**(Rule 404(b), Fed. R. Evid.)**

**During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. If you find the Defendant committed the allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones charged in this case suggests the same person committed all of them.**

**You may not consider this evidence for any other purpose.**

**The Defendant is currently on trial only for the crimes charged in the Second Superseding Indictment.  You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the Second Superseding Indictment.**

---

[13] Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 4.2 (2024).

**S5[14]**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

---

[14] Eleventh Circuit Pattern Jury Instructions, Special Instruction No. 5 (2024).

**B7[15]**
**Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

---

[15] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 7 (2024).

**B8[16]**
**Introduction to Offense Instructions**

The Second Superseding Indictment charges eight separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the Second Superseding Indictment to refer to during your deliberations.

Count One charges that the Defendant, a United States citizen, traveled in foreign commerce from the United States to Haiti for the purpose of engaging in any illicit sexual conduct with another person under 18 years of age.

Counts Two through Eight charge that the Defendant, a United States citizen, traveled in foreign commerce from the United States to Haiti and engaged in illicit sexual conduct with specified persons under 18 years of age.

---

[16] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 8 (2024).

**B8.1[17]**
**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the Second Superseding Indictment may allege the multiple ways in the conjunctive, that is, by using the word "and."  If only <u>one</u>[18] of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

---

[17] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 8.1 (2024).
[18] "One" is underlined in the Eleventh Circuit Pattern Jury Instruction B8.1.

**B9.2**[19]
**On or About a Particular Date**

You'll see that the Second Superseding Indictment charges that crimes were committed "in or around" certain dates. The Government doesn't have to prove that the offenses occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

---

[19] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 9.2 (2024).

**B10.2**[20]
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the Second Superseding Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the Second Superseding Indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

---

[20] Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 10.2 (2024).

**O93.2 (Modified)**[21]
**Count 1**
**Travel with Intent to Engage in**
**Illicit Sexual Conduct**
**18 U.S.C. § 2423(b)**

It's a federal crime to travel in foreign commerce for the purpose of engaging in illicit sexual conduct.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant was a United States citizen;

(2) the Defendant traveled in foreign commerce; and

(3) the Defendant traveled for the purpose of engaging in illicit sexual conduct.

For purposes of this offense and case, the term "illicit sexual conduct" means causing a person under 18 years of age to engage in a "sexual act" by using force**, threats,** or placing that person in fear *that any person will be subjected to death, serious bodily injury, or kidnapping*; **a sexual act with a person who is under 18 years of age where that person is incapable of appraising the nature of the conduct, or physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act**; or placing that person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; a sexual act with a person who is under 16 years of age and is at least four years younger than the defendant; or a commercial sex act with a person under 18 years of age.

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

---

[21] *See* 18 U.S.C. § 2423(b), (f) (eff. Apr. 30, 2003, through Mar. 16, 2013), 18 U.S.C. § 2246(2) (eff. Oct. 30, 1998), and 18 U.S.C. §§ 2241-2242 (eff. 2005-2010); Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 93.2 (2024) (modified).

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- the intentional touching – not through the clothing – of the genitalia of another person who has not attained the age of 16 years old, with the intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

"Commercial sex act" means any sex act, for which anything of value is given to or received by any person.

The Government does not have to show that the Defendant's only purpose in traveling in foreign commerce was to engage in illicit sexual conduct, but the Government must show that it was one of the motives or purposes for the travel. In other words, the Government must show that the Defendant's criminal purpose was not merely incidental to the travel.

"Foreign commerce" is the movement or transportation of a person from a place within the United States to a place outside the United States.

**O93.3 (modified)[22]**
**Counts 2 through 8**
**Engaging in Illicit Sexual Conduct**
**in a Foreign Place**
**18 U.S.C. § 2423(c)**

It's a Federal crime for a United States citizen to travel in foreign commerce and engage in any illicit sexual conduct with another person.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant was a United States citizen;

(2) the Defendant traveled in foreign commerce; and

(3) while the Defendant was in the foreign place, he engaged in illicit sexual conduct with another person, that is, the victim named in the relevant count of the Second Superseding Indictment.

To "travel in foreign commerce" means that the defendant moved from a place within the United States to a place outside the United States.

For purposes of this offense, the term "illicit sexual conduct" means causing a person under 18 years of age to engage in a "sexual act" by using force**, threats,** or placing that person in fear *that any person will be subjected to death, serious bodily injury, or kidnapping*; **a sexual act with a person who is under 18 years of age where that person is incapable of appraising the nature of the conduct, or physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act**; a sexual act with a person who is under 16 years of age and is at least four years younger than the defendant; or a commercial sex act with a person under 18 years of age.

---

[22] *See* 18 U.S.C. § 2423(c), (f) (eff. Apr. 30, 2003, through Mar. 16, 2013), 18 U.S.C. § 2246(2) (eff. Oct. 30, 1998), & 18 U.S.C. §§ 2241-2242 (eff. 2005-2010); Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 93.3 (2024) (modified).

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

- the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- the intentional touching – not through the clothing – of the genitalia of another person who has not attained the age of 16 years old, with the intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person.

It is not[23] necessary for the Government to prove that the illicit sexual conduct violated the laws of the foreign country where it occurred or that the Defendant intended to engage in the illicit sexual conduct at the time he departed the United States.

"Commercial sex act" means any sex act, for which anything of value is given to or received by any person.

---

[23] "Not" is underlined in the Eleventh Circuit Pattern Jury Instruction O93.3.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

### T1.1[24]
### Cautionary Instruction
### Similar Acts Evidence – Child Molestation and Sexual Assault
### (Rules 413 and 414, Fed. R. Evid.)

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the Second Superseding Indictment, but were committed on other occasions. You may consider this evidence for its bearing on any matter to which it is relevant.

It is entirely up to you to determine what weight, if any, such similar acts evidence deserves. In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.

However, you are cautioned that the Defendant is not on trial here for any acts or crimes not alleged in the Second Superseding Indictment. The Defendant may not be convicted of the crimes charged in the Second Superseding Indictment if you were to find only that he committed other crimes at some other time. You are reminded that, at all times, the Government bears the burden of proving beyond a reasonable doubt that the Defendant committed the offenses charged in the Second Superseding Indictment.

---

[24] *See, e.g.*, *United States v. Batton*, 602 F.3d 1191, 1199 (10th Cir. 2010) (affirming Rule 413 jury instruction) (modified); *United States v. Carter*, Case No. 11-20350-CR-LENARD (S.D. Fla. Feb. 28, 2013), at DE 251, p. 8 (Court's Instructions to the Jury) (modified), *conviction affirmed*, 776 F.3d 1309 (11th Cir. 2015); Fed. R. Evid. 413(a) & 414(a); Eleventh Circuit Pattern Jury Instructions, Trial Instruction No. 1.1 (2024) (modified).

**T1.1[25]**
**Cautionary Instruction**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the Second Superseding Indictment, but were committed on other occasions. You must not consider this evidence to decide if the Defendant engaged in the activity alleged in the Second Superseding Indictment. But you may consider this evidence to decide whether:

• the Defendant had the state of mind or intent necessary to commit the crimes charged in the Second Superseding Indictment;

• the Defendant had a motive or the opportunity to commit the acts charged in the Second Superseding Indictment;

• or the Defendant acted according to a plan or in preparation to commit a crime charged in the Second Superseding Indictment.

---

[25] Eleventh Circuit Pattern Jury Instructions, Trial Instruction No. 1.1 (2024) (modified).

**T1.2[26]**
**Cautionary Instruction**
**Similar Acts Evidence - Identity**
**(Rule 404(b), Fed. R. Evid.)**

      You have just heard evidence of acts allegedly done by the Defendant that may be similar to those charged in the Second Superseding Indictment, but were committed on other occasions. If you find the Defendant committed the allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones charged in this case suggest the same person committed all of them.

      The Defendant is currently on trial only for the crimes charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the Second Superseding Indictment.

---

[26] Eleventh Circuit Pattern Jury Instructions, Trial Instruction No. 1.2 (2024).

**T2[27]**

**Witness's Prior Statement or Testimony Explanatory Instruction**

Members of the Jury: If a witness is questioned about earlier statements or testimony the witness made, the questioning is permitted to aid you in evaluating the truth or accuracy of the witness's testimony at this trial.

A witness's earlier testimony or statements are not ordinarily offered or received as evidence of their truth or accuracy. They are pointed out to give you a comparison and to help you decide whether you believe the witness's testimony.

Whether those prior statements are consistent or inconsistent with the witness's trial testimony is entirely up to you.

I'll give you additional instructions at the end of the trial about a number of things you may consider to determine the credibility or believability of the witnesses and the weight to give their testimony.

---

[27] Eleventh Circuit Pattern Jury Instructions, Trial Instruction No. 2 (2024).

**T4[28]**
**Explanatory Instruction Role of the Interpreter**

We seek a fair trial for all regardless of what language they speak. We are going to have an interpreter assist us through these proceedings, and you should know what they can do and what they cannot do. Basically, the interpreter is here only to help us communicate during the proceedings. The interpreter is not a party in the case, has no interest in the case, and will be completely neutral. Accordingly, the interpreter is not working for either party. The interpreter's sole responsibility is to enable us to communicate with each other.

Treat the interpreter of the witness's testimony as if the witness had spoken English and no interpreter was present. Do not allow the fact that testimony is given in a language other than English influence you in any way.

If any of you understand the language of the witness, disregard completely what the witness says in the witness's language. Consider as evidence only what is provided by the interpreter in English. If you think an interpreter has made a mistake, you may bring it to the attention of the Court, but you should make your deliberations on the basis of the official interpretation.

---

[28] Eleventh Circuit Pattern Jury Instructions, Trial Instruction No. 4 (2024).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. <u>24-20008-CR-LEIBOWITZ(s)(s)</u>**

**UNITED STATES OF AMERICA**

**vs.**

**MICHAEL KARL GEILENFELD,**

    **Defendant.**
_____/

## <u>VERDICT</u>

1.    As to **Count One** of the Second Superseding Indictment, which charges the Defendant with Traveling in Foreign Commerce for the Purpose of Engaging in Illicit Sexual Conduct, we, the Jury, unanimously find the Defendant:

    GUILTY _____        NOT GUILTY _____

2.    As to **Count Two** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 1, we, the Jury, unanimously find the Defendant:

    GUILTY _____        NOT GUILTY _____

3.    As to **Count Three** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 2, we, the Jury, unanimously find the Defendant:

    GUILTY _____        NOT GUILTY _____

4.      As to **Count Four** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 3, we, the Jury, unanimously find the Defendant:

GUILTY _____            NOT GUILTY _____

5.      As to **Count Five** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 4, we, the Jury, unanimously find the Defendant:

GUILTY _____            NOT GUILTY _____

6.      As to **Count Six** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 5, we, the Jury, unanimously find the Defendant:

GUILTY _____            NOT GUILTY _____

7.      As to **Count Seven** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 6, we, the Jury, unanimously find the Defendant:

GUILTY _____            NOT GUILTY _____

8.      As to **Count Eight** of the Second Superseding Indictment, which charges the Defendant with Engaging in Illicit Sexual Conduct in a Foreign Place with Minor Victim 7, we, the Jury, unanimously find the Defendant:

GUILTY _____            NOT GUILTY _____

SO SAY WE ALL


_____
**FOREPERSON OF THE JURY**

**Dated:**_____

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 16, 2025, I filed this document electronically using the

CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.


<u>*/s/ Jessica L. Urban*</u>
Jessica L. Urban
Trial Attorney