UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20008-CR-DSL

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL KARL GEILENFELD,

    Defendant.

_____/

## DEFENDANT'S OPPOSITION TO THE UNITED STATES' SECOND SUPPLEMENTAL NOTICE IN SUPPORT OF MOTIONS IN LIMINE TO ADMIT EVIDENCE UNDER RULES 413, 414, AND/OR 404(b)

The Defendant, Michael Karl Geilenfeld, through undersigned counsel, respectfully submits this reply in opposition to the Government's supplemental notice to admit evidence under rules 413, 414, and 404(b) and states.

### Witness 4

The Government has supplemented its prior Motion (DE 47) providing additional details concerning Witness 4's observations of Mr. Geilenfeld's alleged reaction to uncharged accusations of sexual misconduct in 1987. The Defense renews its previously filed objections to this witness (DE52) and submits this opposition to address the Government's newly provided

information. The Government has previously moved to exclude evidence of the 1987 allegations (DE 39), which the Court granted. The Government now seeks to introduce hearsay testimony concerning this same incident. For the reasons outlined below, this testimony is irrelevant, inadmissible under the Federal Rules of Evidence, and unduly prejudicial.

The 11th Circuit employs a three-part test to determine whether evidence of prior bad acts under Federal Rule of Evidence 404(b) is admissible. "First, the evidence must be relevant to an issue other than the Defendant's character. Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the Defendant committed the extrinsic act." *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir.1992) (*en banc*) (footnote omitted). Third, the probative value of the evidence must not be "substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." *Miller*, 959 F.2d at 1538. With regard to Witness 4, the Defense maintains that the proffered evidence fails the first and third test.

I. The Evidence is Irrelevant Under Federal Rule of Evidence 401

The Government contends that Witness 4's testimony regarding the Defendant's reaction to uncharged allegations is relevant to his state of

mind, modus operandi, and plan. However, this argument fails for the following reasons:

1. State of Mind:

Witness 4's subjective interpretation of Mr. Geilenfeld's reaction to allegations of uncharged sexual abuse in 1987 sheds no light on his state of mind regarding the charged offenses. To meet the relevance standard of FRE 401, the evidence must make a fact of consequence more or less probable. The Defendant's emotional response to an uncharged accusation does not provide any meaningful insight into whether he committed the charged offenses. Furthermore, the proffered testimony does not relate to any element of the charged offenses. Instead, it invites speculation about the Defendant's character or propensity, which is impermissible under FRE 404(a).

1. The Testimony Does Not Establish Modus Operandi Under Rule 404(b)

The Government's claim that the Defendant's reaction constitutes evidence of modus operandi mischaracterizes the term's legal significance. The 11th Circuit has allowed evidence of modus operandi under 404(b) to establish identity, but only when the extrinsic act constitutes a "'signature' crime, and the Defendant must have used a modus operandi that is uniquely

his." *See, United States v. Phaknikone*, 605 F.3d 1099, 1108 (11th Cir. 2010) (citations omitted). Consequently, to be admissible on this basis, modus operandi requires a "signature" or unique pattern of conduct so distinctive that it acts as a "signature" of the Defendant and, therefore, establishes identity. The Defendant's reaction to the allegations does not meet this standard. It is neither unique nor inherently linked to the commission of the alleged crimes. Furthermore, modus operandi is merely one step to reaching a valid basis for the admissibility of such evidence: identity, which the proffered evidence fails to do. The Government's position is another way of saying that Mr. Geilenfeld has a propensity to react angrily to certain allegations, which is a prohibited basis for the admissibility of Rule 404(b) evidence.

   1. The Evidence Does Not Support a "Plan" Under Rule 404(b)

The Government's assertion that the Defendant's reaction demonstrates a plan to maintain access to victims is conclusory, speculative, and unsupported by evidence. Without evidence, the Government's argument assumes that the Defendant's anger or defensiveness was part of a calculated plan to intimidate accusers. This inference is purely speculative and fails to satisfy the evidentiary standards under FRE 404(b). To admit evidence of a "plan," the Government must demonstrate that the conduct in

4

question is part of a coherent strategy directly related to the charged offenses. Here, the Defendant's alleged reaction to accusations does not provide insight into a plan to commit the alleged crimes.

IV. The Testimony Violates the Federal Rule of Evidence 802

Perhaps most importantly, even if the Court were to find that there was some relevance to Witness 4's subjective interpretation of Mr. Geilenfeld's reaction, it would result in the admission of hearsay testimony concerning allegations of sexual abuse which have not been charged in the indictment, relate to victims unidentified by the Government, and which the Court has already ruled inadmissible. (DE 39). Such statements are inadmissible hearsay under Federal Rule of Evidence 802.

Mr. Geilenfeld cannot confront or cross-examine the individuals who made these allegations. The inability to confront an accuser violates his Sixth Amendment right to confrontation and undermines the reliability of the evidence. Finally, the admission of this would necessitate an inquiry into the veracity of the allegations, creating a "trial within a trial." This would confuse the jury and divert attention from the charged offenses.

V. The Testimony is Unduly Prejudicial Under Rule 403

Even if the testimony has minimal probative value, it is substantially outweighed by its prejudicial effect under FRE 403. Mr. Geilenfeld's

reaction to uncharged allegations could be unfairly interpreted as evidence of guilt, inflaming the jury's emotions and leading to an improper verdict based on character rather than evidence. Introducing this testimony risks confusing the jury by shifting the focus to uncharged, unsubstantiated allegations rather than the crimes charged in the indictment. The admission of this evidence would sidetrack the trial, requiring the Defense to address collateral issues that have no bearing on the Defendant's guilt or innocence of the charged offenses.

VI. Witness 4's Testimony Concerning Punishment

The Government alleges that Mr. Geilenfeld punished child residents by making them sit on a roof in the sun. This evidence that Mr. Geilenfeld allegedly imposed punishment on unknown children for unknown infractions is not relevant to any of the issues in dispute in this matter. It is designed to elicit inadmissible character evidence to convince the jury that Mr. Geilenfeld is a bad person. The case cited by the Government is inapposite. In *United States v. Doak*, 47 F.4th 1340, 1348 (11th Cir. 2022) the 11th Circuit affirmed the trial court's decision allowing the Government to introduce a video of the Defendant slapping a sibling of the alleged victims. The sibling had observed the Defendant molesting his sister, but when the Defendant told him to go back to sleep, he did because he was

6

afraid that he'd have been hurt if he did not obey since the Defendant and his wife and co-defendant had previously physically abused him, including slapping him as displayed in the admitted video. In Mr. Geilenfeld's case, it is unknown who the children were being punished for or what they were being punished for. There is no causal link as in *Doak* establishing the relevance of the admitted evidence.

Similarly, the allegation that he removed an adult male from the residence is irrelevant. The Government has provided no additional information regarding this incident. The individual in question may have been a trespasser or a criminal. Finally, the allegation that Mr. Geilenfeld was in a room with a male resident whom the Government describes as a "young male" – the exact phrase they used to describe the previous individual whom they note was "in his early 20's" – is equally irrelevant. There is no suggestion that Witness 4 observed anything unusual, and the Government's proposed evidence is clearly designed to invite the jury to engage in prejudicial speculation.

VII. Hearsay Statements of Victim 4 and Victim L

As the Government concedes, the proposed evidence concerning hearsay statements allegedly made by Minor Victim 4 and Victim L are

inadmissible absent an exception to 802, and no such exception has been established.

**Witness 5**

The Defense maintains that the proposed testimony of witness 5 is speculative, irrelevant, inflammatory, and inadmissible under Federal Rules of Evidence 401 and 403. Witness 5's proposed testimony is that, more than thirty years ago, she visited St. Joseph's with a priest and a nun to have dinner with Mr. Geilenfeld.  While these visitors were at the home, she observed a young man walk out of a door while adjusting his pants. Some time, perhaps a minute later, she observed Mr. Geilenfeld walk out of the same door.  While the Government characterizes them as stepping out of a room, there is, in fact, nothing in the Government's proffer to indicate what that door led to – a kitchen, laundry, hallway, dining room, etc. The simple fact that Mr. Geilenfeld exited a doorway from an unknown part of the house shortly after a young boy, in a facility which housed young boys and young men, while Mr. Geilenfeld had dinner guests, is not relevant to any issue in this case. Inevitably, while running a facility for boys and young men, Mr. Geilenfeld would exit a doorway before and behind children in the natural course of events. Witness 5 does not indicate the last time she saw Mr. Geilenfeld before this incident, how long he had been gone, and whether

8

other individuals had previously or subsequently exited the doorway. The proposed testimony would leave the jury to speculate about what had occurred. The Government would undoubtedly invite the jury to speculate that Mr. Geilenfeld had assaulted the unknown boy. The fact that the Defense would be free to cross-examine Witness 5 does not change the fact that the proposed evidence is irrelevant and outweighed by the danger of unfair prejudice.

**Victim's N and M**

Mr. Geilenfeld reiterates the objections raised to the proposed testimony of these two individuals in Docket Entry 40. The proposed testimony concerns events which allegedly occurred between 35 and 40 years ago. The evidence is cumulative to evidence that the Court has already ruled admissible, and the danger of unfair prejudice is extreme. Rule 403's balancing test provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Oury*, 568 F. Supp. 3d 1380, 1389–90 (S.D. Ga. 2021).

VI. Conclusion

For the foregoing reasons, the Defendant respectfully requests that the Court exclude the Government's proposed witness testimony as irrelevant, inadmissible and unduly prejudicial under the Federal Rules of Evidence.

Respectfully Submitted,

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER

BY:   *s/R. D'Arsey Houlihan*
      R. D'Arsey Houlihan
      Supervisory Assistant Federal Public Defender
      Florida Bar No. 100536
      150 W. Flagler Street, Suite 1700
      Miami, Florida 33130-1556
      (305) 530-7000
      (305) 536-4559, Fax
      E-Mail:  d'arsey_houlihan@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on **January 16, 2025**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/R. D'Arsey Houlihan*
R. D'Arsey Houlihan