UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **24-20008-CR-LEIBOWITZ(s)(s)**

**UNITED STATES OF AMERICA**

vs.

**MICHAEL KARL GEILENFELD,**

   **Defendant.**
_____/

**UNITED STATES' RESPONSE TO COURT'S PROPOSED VOIR DIRE**

The United States respectfully submits this response to the Court's proposed Jury Questionnaire provided at the January 21, 2025, pretrial hearing.

A. The United States renews its request for a question about whether any prospective juror may have difficulty giving the same weight to testimonial evidence as it would to physical evidence. A witness's "uncorroborated testimony" can be "sufficient to support a conviction if it is not on its face incredible or otherwise unsubstantial." *United States v. Milkintas*, 470 F.3d 1339, 1344 (11th Cir. 2006); *see also, e.g.*, *United States v. Nerey*, 877 F.3d 956, 969 (11th Cir. 2017) ("[T]estimony of a co-conspirator, even if uncorroborated, is sufficient to support a conviction.") (citation omitted); *United States v. Hylor*, 353 F. App'x 361, 362 (11th Cir. 2009). However, some prospective jurors have difficulty with this concept, and voir dire on this topic is warranted to ensure that the seated jurors will follow the law in this regard. *See, e.g.*, *Wright v. Jones*, No. 16-cv-60384, 2017 WL 6558346, at * 14 (S.D. Fla. Apr. 27, 2017) ("Because [the prospective juror in the criminal trial] made clear during voir dire that he would be more

persuaded by physical, rather than testamentary, evidence, it was not unreasonable for counsel to use a peremptory challenge on [the prospective juror].").

B. The United States suggests adding a question about whether any prospective juror speaks or understands Haitian Creole. The United States proposes such a question because some of the witnesses will be testifying in Haitian Creole and, as recognized in the 11th Circuit pattern jury instructions, it is only the official English interpretation by the courtroom interpreter that is admissible evidence and may be considered by the jury. 11th Circuit Pattern Jury Instruction No. T4 (2024). Such a question will thus allow the parties (through the Court) to follow up, if appropriate, with any prospective jurors who by virtue of their understanding of Haitian Creole may be exposed to other than the official interpretation of the witnesses' testimony.

C. The United States suggests that Question 2 be expanded to encompass not just the prospective juror's "current employment" but also "past employment," to account for situations such as a prospective juror who has changed fields or positions and whose past field of work or position may be relevant to empaneling a fair and impartial jury.[1]

Respectfully submitted,

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

---

[1] The United States assumes that the Court will be asking additional questions of the venire when they are in the courtroom, including whether anyone knows any of the parties, counsel, or witnesses (who will be identified by name); whether anyone has heard anything about the case; and whether anyone has any opinions, biases, or strong feelings in favor of or against the government.

By: */s/ Lacee Elizabeth Monk*
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132-2111
Telephone: (305) 961-9427
Email: lacee.monk@usdoj.gov

*/s/ Jessica L. Urban*
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Email: Jessica.Urban@usdoj.gov

*/s/ Eduardo Palomo*
Eduardo Palomo
Florida Special Bar ID No. A5503186
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 305-9635
Eduardo.Palomo2@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 30, 2025, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

                  */s/ Jessica L. Urban*
                  Jessica L. Urban
                  Trial Attorney