UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>24-20008-CR-LEIBOWITZ(s)(s)</u>

UNITED STATES OF AMERICA

vs.

MICHAEL KARL GEILENFELD,

    Defendant.
    _____/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF PROFESSOR CÉCILE ACCILIEN

The Defendant's renewed Motion to Exclude Expert Testimony of Professor Cécile Accilien (ECF No. 98) challenges the admissibility of Professor Accilien's testimony on the topics of (1) corruption, bribery, and the lack of infrastructure and resources (*see* ECF No. 36, at 3); (2) record-keeping, or lack thereof (*see id.*); (3) the destruction of records during the earthquake (*see id.*); and (4) falsification of documents (*see id.* at 4).  The Defendant's Motion should be denied.

At the *Daubert* hearing on January 21, 2025, Professor Accilien discussed her extensive personal and professional experience in and with Haiti.  She discussed the various bases for her proffered testimony, including sources such as the U.N., USAID, U.S. State Department, and CARICOM, and—at the Court's request—the names of specific scholars and other experts whose works and statements she has assessed in coming to her conclusions.[1]  She explained her own experiences with government officials (including but

---

[1] Professor Accilien has compiled excerpts from some of the sources underlying her proffered testimony, which reaffirm that such testimony is not simply her *ipse dixit* but commonly accepted among those who study and report on Haiti.  *See* attachment (quoting, *inter alia*, from U.S. State Department report and from scholar Djems Olivier regarding

not limited to the social-services department IBESR and police officers), the Haitian-based NGO Beyond Borders, hotels, school and an orphanage, and medical facilities in Haiti. She discussed, *inter alia,* her own experiences trying to obtain records in Haiti (e.g., a birth certificate, educational records), consulting with colleagues who are medical doctors and have discussed record-keeping systems at their hospitals, and dealing with corruption (e.g., rejection of documents and payments to public officials).

The Defendant's attempt to exclude testimony on such topics by contending "the main issue the trier of fact will be asked to consider in this trial" is "child sex abuse," Mot. at 2, should fail. Professor Accilien is not being offered as an expert in child sex abuse, but rather is being offered to discuss certain discrete aspects within Haiti that jurors who have not been to Haiti are unlikely to understand, and that will help the jurors evaluate the testimony of the victims/witnesses whose abuse occurred in Haiti. While victims/witnesses may be able to testify to these topics based on their own experiences and perceptions, pursuant to Fed. R. Evid. 701, the Government believes that allowing a detached, neutral witness like Professor Accilien to testify to these subjects is an important perspective and helpful to the jury.

Admission of the proffered testimony is also consistent with case law in this circuit and elsewhere. *See, e.g.*, *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F. 4th 1278, 1318-20 (11th Cir. 2022) (holding it error to exclude the Latin American studies professor's testimony about Colombian conflict including an opinion as to who had caused deaths, finding that the methodology was reliable and that "peer review, publication, error rate, etc., are not applicable to this kind of [social science] testimony": "Where 'ideal experimental conditions and controls' are precluded, 'other indicia of reliability are considered under *Daubert*,

---

bribery, corruption, and lack of infrastructure, and from governmental report discussing the "largely incomplete" "records of healthcare facilities before the earthquake").

including professional experience, education, training, and observations.'") (citation omitted); *United States v. Batiste*, No. 06-cr-20373, 2007 WL 5303052 (S.D. Fla. Oct. 26, 2007) (granting government's motion in limine to admit testimony from professor, noting the witness's decades researching, writing, teaching, and lecturing on the topic, where witness had not conducted any direct interviews but rather testified that the accepted practice in the field was to review sources and discuss the content with colleagues, which the witness had done); *United States v. Hammoud*, 381 F.3d 316, 336-38 (4th Cir. 2004) (affirming admission of social science testimony from expert whose methodology was "to collect as much information as possible and to balance each new incoming piece of information against the body of information that you've built to that point," as part of a "constant vetting process" including one's peers), *judgment vacated on other grounds*, 543 U.S. 220 (2005).

For the reasons set forth herein and in the record to date, which the Government reincorporates by reference here, the Government submits that Professor Accilien's proffered testimony satisfies the Federal Rules of Evidence, and that the Court should deny the Defendant's Motion and rule Professor Accilien's testimony on the aforementioned topics admissible.

Respectfully submitted,

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

By: */s/ Lacee Elizabeth Monk*
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132-2111

Telephone: (305) 961-9427
Email: lacee.monk@usdoj.gov

*/s/ Jessica L. Urban*
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Email: Jessica.Urban@usdoj.gov

*/s/ Eduardo Palomo*
Eduardo Palomo
Florida Special Bar ID No. A5503186
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 305-9635
Eduardo.Palomo2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2025, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

*/s/ Jessica L. Urban*
Jessica L. Urban
Trial Attorney