# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.: 24-20008-CR-LEIBOWITZ

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**

**MICHAEL KARL GEILENFELD,**

    **Defendant.**

_____/

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION</u>

MICHAEL GEILENFELD, by and through undersigned counsel and hereby files this Proposed Jury Instruction and states:

Generally, a criminal defendant has the right to have the jury instructed on his theory of defense, separate and apart from instructions given on the elements of the charged offense. *United States v. Opdahl,* 930 F.2d 1530 (11th Cir. 1991); *United States v. Lively,* 803 F.2d 1124 (11th Cir. 1986). A trial court may not refuse to charge the jury on a specific defense theory where the proposed instruction presents a valid defense and where there has been some evidence adduced at trial relevant to that defense. *United States v. Middleton,* 690 F.2d 820, 826 (11th Cir. 1982). The existence of such a defense is not a matter of law for the trial court to determine. *Id.*

Defense plans to ask for a theory of defense jury instruction regarding this evidence. *See United States v. Ruiz,* 59 F.3d 1151, 1154 (11th Cir. 1995). As stated in

1

*Ruiz,* "[t]he threshold burden is extremely low: '[t]he defendant ... is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence.'" *Ruiz,* 59 F.3d at 1154 (emphasis in original), *quoting Perez v. United States,* 297 F.2d 12, 15-16 (5th Cir. 1961).  Moreover, "[i]n deciding whether a defendant has met her burden, the court is obliged to view the evidence in the light most favorable to the accused." *Ruiz,* 59 F.3d at 1154, *citing United States v. Williams,* 728 F.2d 1402, 1404 (11th Cir. 1984).

Mr. Geilenfeld moves this Court to include the following instructions as to the law and his theory of defense. In addition to supporting the theory of defense, they are correct statements of the law and not substantially covered by the instructions:

For each count, the government must prove each and every element in order for you to find the Defendant guilty. If you find the government has not proven beyond a reasonable doubt even one element, then you must find the Defendant not guilty of that count, even if you think the government has proven the remaining elements.

The defense has argued that the sexual abuse allegations charged in the Superseding Indictment against Mr. Geilenfeld are all false. You have heard evidence that one of the accusers listed in the Superseding Indictment said that he and others made up the allegations because they never received what they were owed from Mr. Geilenfeld. Additionally, you have heard that the accusers in the Superseding Indictment were recruited to make these

2

allegations and were offered benefits to do so[1]. If you find that there is a possibility that the allegations have been made up or that the allegations were falsely made due to outside influence and that has given you a reasonable doubt, you must find the Defendant not guilty.

Respectfully submitted,

HECTOR DOPICO
FEDERAL PUBLIC DEFENDER

By: /s/ **Jean-Pierre Gilbert**
Jean-Pierre Gilbert
Assistant Federal Public Defender
Florida Special A No.: A5502879
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 533-4188
E-mail: Jean-Pierre_Gilbert@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on February 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Jean-Pierre Gilbert*

---

[1] As of this filing, this evidence has not yet been presented in trial, however, undersigned counsel anticipates that this evidence will come in through Pierre Fritzner who is scheduled to testify on February 19, 2025.