**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-20008-CR-LEIBOWITZ(s)(s)**

**UNITED STATES OF AMERICA**

vs.

**MICHAEL KARL GEILENFELD,**

    **Defendant.**
_____/

**UNITED STATES' SUPPLEMENTAL PROPOSED JURY INSTRUCTION**

The United States respectfully requests that the Court provide the following jury instruction prior to deliberations:

**Equally Available Witness**

There are people whose names you heard during the course of the trial but who did not appear to testify. One or more of the attorneys has referred to their absence from the trial. I instruct you that each party had an equal opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified had they been called. Their absences should not affect your judgment in any way. You should remember any instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Such an instruction is warranted in this case, considering in particular (a) defense counsel's repeated references throughout the trial to individuals—such as Valerie Dirksen and Paul Kendrick—whom the United States did not call as witnesses and (b) the defense's repeated suggestion to the jury that the United States has been trying to keep relevant evidence from it.

*See, e.g.,* Opening Statement of Defense Counsel (Feb. 3, 2025) (stating that the jury should ask itself why the prosecution is not bringing Valerie Dirksen as a witness).[1]

.

                                                  Respectfully submitted,

                                                  HAYDEN O'BYRNE
                                                  UNITED STATES ATTORNEY

By:   */s/ Lacee Elizabeth Monk*
        Lacee Elizabeth Monk
        Assistant United States Attorney
        Florida Bar No. 100322
        U.S. Attorney's Office
        99 N.E. 4th Street
        Miami, FL 33132-2111
        Telephone: (305) 961-9427
        Email: lacee.monk@usdoj.gov

        */s/ Jessica L. Urban*
        Jessica L. Urban
        Florida Special Bar ID No. A5503222
        Trial Attorney
        Child Exploitation and Obscenity Section
        Criminal Division
        U.S. Department of Justice
        1301 New York Avenue NW
        Washington, DC 20005
        Phone: (202) 353-4146
        Email: Jessica.Urban@usdoj.gov

        */s/ Eduardo Palomo*
        Eduardo Palomo

---

[1] *See, e.g., United States v. Barlatier*, 238 F. App'x 569, 570 (11th Cir. 2007) (approving this instruction); *United States v. Esle*, 743 F.2d 1465, 1478 (11th Cir. 1984) (affirming "[i]t is not prejudicial for the jury to know that witnesses may be called by either side"), *overruled on other grounds by United States v. Blankenship*, 382 F.3d 1110, 1122 n.23 (11th Cir. 2004); *see also United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998) ("[W]hile a prosecutor may not comment about the absence of witnesses or otherwise attempt to shift the burden of proof, it is not improper for a prosecutor to note that the defendant has the same subpoena powers as the government, particularly when done in response to a defendant's argument about the prosecutor's failure to call a specific witness.").

        Florida Special Bar ID No. A5503186  
        Trial Attorney  
        Child Exploitation and Obscenity Section  
        Criminal Division  
        U.S. Department of Justice  
        1301 New York Avenue NW  
        Washington, DC 20005  
        Phone: (202) 305-9635  
        Eduardo.Palomo2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2025, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

*/s/ Jessica L. Urban*
Jessica L. Urban
Trial Attorney
