UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20008-CR-LEIBOWITZ(s)(s)

UNITED STATES OF AMERICA

vs.

MICHAEL KARL GEILENFELD,

    Defendant.
_____/

**UNITED STATES' OBJECTIONS AND CLARIFICATIONS TO THE INITIAL PSR**

    The United States, by and through its undersigned counsel, respectfully submits the following objections and clarifications regarding the initial presentence report (PSR) dated April 18, 2025 (ECF No. 151).

    A.    **Inapplicability of JVTA (18 U.S.C. § 3014)**

    1.    The initial PSR references a $5,000 special assessment pursuant to the Justice for Victims of Trafficking Act (JVTA), 18 U.S.C. § 3014, in numerous places.  *See* PSR pg. 2 (under each "Penalty" section); ¶ 178 ("Pursuant to 18 U.S.C. § 3014(a)(3), the court shall assess an amount of $5,000 (JVTA assessment) on any non-indigent person or entity . . . ."); ¶ 187 ("[T]he additional JVTA assessment of $5,000 is applicable to any non-indigent person,").  The defendant's crimes, however, predate enactment of the 2015 JVTA.  The Government thus recommends deleting all the references to the JVTA, as the defendant—regardless of his financial status—would not be subject to the special assessment.[1]

---

[1] On page 2, under each of the "Penalty" sections, the Government recommends adding in that the defendant is subject to a $250,000 fine pursuant to 18 U.S.C. § 3571 (as is correctly noted in ¶ 186).

### B. Restitution

2. The initial PSR states that "[t]he provisions of the Mandatory Victim Restitution Act of 1996 apply to these Title 18 offenses." PSR ¶ 60; *see also* ¶¶ 190-191 (stating that restitution "shall" be ordered under "18 U.S.C. § 3663A(a)(1)" and "§ 5E1.1"); ¶ 196 (listing as a condition of supervised release that the defendant must pay restitution in accordance with § 3663A). The Government agrees that the Court may award restitution in this case, but believes that analysis under 18 U.S.C. § 3663 (which incorporates 18 U.S.C. § 3664, is titled Order of Restitution, and provides for restitution in the Court's discretion), rather than under 18 U.S.C. § 3663A (titled Mandatory Restitution to Victims of Certain Crimes), is warranted. The mandatory restitution provisions of § 3663A apply only to certain kinds of crimes, such as those that *categorically* require the use of force. See § 3663A(c)(1)(A) (listing "a crime of violence, as defined in section 16"; "an offense against property under this title"; and violations of several specific statutory provisions). While the defendant's criminal conduct certainly involved sexual violence, § 2423(b) and (c) are not categorically crimes of violence as defined in 18 U.S.C. § 16, and based on its understanding of current law, the Government submits that § 3663A is therefore inapplicable to this case.[2]

3. The Government further clarifies that not all of the victims listed in the second sentence of ¶ 60 are known victims of illicit sexual conduct as defined in 18 U.S.C. § 2423 (as opposed to victims of sexual abuse/assault/misconduct more generally). The Government

---

[2] Defendants convicted of § 2423(b)-(c) violations are, in some instances, subject to mandatory restitution pursuant to 18 U.S.C. § 2429. However, § 2429 was not enacted until 2018—i.e., after the defendant's crimes—and the Eleventh Circuit has held that restitution is a penalty implicating the Ex Post Facto Clause. *See, e.g., United States v. Siegel*, 153 F.3d 1256, 1259-60 (11th Cir. 1998). The Supreme Court recently granted certiorari to address the circuit split over whether restitution is indeed penal and subject to the Ex Post Facto Clause. *See Ellingburg v. United States*, No. 24-482, 2025 WL 1020364 (Apr. 7, 2025). In light of current law, the Government intends to rely on 18 U.S.C. § 3663 (with its cross-reference to § 3664) as the basis for restitution in this case, but it respectfully reserves the right to seek restitution pursuant to other provisions if and when the law allows.

suggests it may avoid confusion to simply list the victims corresponding with the counts of conviction.

4.  As for ¶ 62, it is not clear to the Government that Minor Victim 6 checked the box for "suffering substantial loss of retirement, education or other savings or investment fund." In any event, the Government expects that clarifying and/or supporting documentation will be provided for each of the victims seeking restitution.

5.  Regarding ¶ 65, the Government notes that Minor Victim 1 submitted a written victim impact statement in French, which has been provided to the Probation Office. The Government will have this translated before sentencing. Moreover, the Government expects that Minor Victim 1 and the other victims will make an oral Victim Impact Statement at the sentencing hearing.

6.  In ¶ 69, the initials of Minor Victim 4 are incorrect. The correct initials are used elsewhere in the PSR, including in ¶¶ 21-25.

### C.  Calculation of Sentencing Guidelines for Minor Victims 4 and 7

7.  The Government agrees that the defendant's properly calculated Total Offense Level comes out well above the capped offense-level maximum of 43. *See* PSR ¶ 140. The Government further agrees that the defendant's Guidelines are therefore life, capped at the statutory maximum of 2,520 months (i.e., 30 years on each of the 7 counts of conviction, for a total of 210 years). ¶¶ 179-180. The Government nonetheless raises the following points for consideration, in an effort to ensure the Guidelines are correctly calculated (even if such calculations would not change the ultimate offense level or sentence):

 a.  Count One—the travel-with-intent count—is not tied to a single specific victim; rather, it encompasses what the defendant intended to do (and ultimately did with many victims,

including the victims of the § 2423(c) counts of conviction and Minor Victim 4): commit illicit sexual conduct with a minor in Haiti during the charged time period.  For purposes of the guidelines calculations, the Government submits that Count 1 may either group with the other counts (e.g., to the extent the victim is the same as the victim of a § 2423(c) count of conviction) or be a distinct group (e.g., to account for the victimhood of other minors).  In either scenario, the Government does not believe that Count 1 would result in additional units.  If the latter scenario is employed, as proposed in the initial PSR (*see* ¶¶ 75-84, basing the calculations on Minor Victim 4), the Government believes that § 2G1.3 rather than the cross-reference to § 2A3.1 should be used, and that the Adjusted Offense Level for Group One would be no more than 30 (i.e., base offense level of 24, + 2 under § 2G1.3(b)(1), + 2 under § 2G1.3(b)(2)(B), + 2 under § 2G1.3(b)(4)).

      b.      For Count Seven (regarding Minor Victim 7), *see* ¶¶ 126-133, the Government believes that § 2G1.3 rather than the cross-reference to § 2A3.1 should be used, and that the Adjusted Offense Level for Group One should be 30 (i.e., base offense level of 24, + 2 under § 2G1.3(b)(1), + 2 under § 2G1.3(b)(2)(B), + 2 under § 2G1.3(b)(4)).

      c.      With the proposed changes to Counts One and Seven, there would be 5 (rather than 7) units, *see* ¶ 134, and the increase in offense level in ¶ 136 would be 4 (rather than 5).

      D.      **Miscellaneous corrections and clarifications**

8.      On page 2, the initial appearance date should be March 29, 2024 (rather than March 28, 2024).  *See, e.g.*, ECF No. 15.

9.      On page 2, the detention-decision date should be April 16, 2024 (rather than April 18, 2024).  *See* ECF No. 26 (noting that the order was effective April 16, 2024, the date it was orally pronounced).

10. In ¶ 1, the Government recommends revising the first sentence as follows, to clarify the procedural history of the Second Superseding Indictment as it relates to the Government's pretrial dismissal without prejudice of one count:

> On February 20, 2025, the defendant was found guilty by a jury as to all seven counts presented to the jury in a Second Superseding Indictment.

As to the last sentence, the Government clarifies that it has not identified any forfeitable assets.

11. In ¶ 2, the Government recommends adding the following, to clarify the procedural history of the Second Superseding Indictment as it relates to the Government's pretrial dismissal without prejudice of one count:

> The references to "Count 5," "Count 6," and "Count 7" herein are references to the numbering used at trial and on the jury's verdict form (ECF No. 132). The court had instructed the parties to renumber these counts from their original "Count 6," "Count 7," and "Count 8" (as set forth in the Second Superseding Indictment, ECF No. 56) when the Government moved to dismiss then-Count 5 (pertaining to Minor Victim 4) without prejudice on the first day of trial, because Minor Victim 4 was unable to travel from Haiti to the United States to testify at trial.

12. In ¶ 9, the Government recommends deleting the clause "in addition to the victims identified in this case," to better capture the facts of the case.

13. In ¶ 57, the date of arrest should be January 20, 2024 (rather than January 22, 2024). *See, e.g.*, ECF No. 11, at 2.

14. In ¶ 58, the Government recommends that the first sentence be revised as follows, to better capture the facts of the case:

> A review of Geilenfeld's detention order indicated that, from the late 1980s until approximately 2014, the defendant allegedly sexually abused approximately 20 young boys that lived with him at an orphanage he operated in Haiti.

15. In ¶ 97, "2G1.3(b)(A)" should seemingly be "2A3.1(b)(4)(A)."

16. In ¶ 179, the Government recommends that the word "term" be inserted before "of imprisonment."

17. In ¶ 183, the Government recommends the sentence be rephrased as:

As to each of Counts One through Seven, the statute requires a term of supervised release of at least five years; therefore, the guideline for a term of supervised release is five years to life, § 5D1.2(b)(2)

(i.e., add "at least" and remove "requirement").

18. In ¶¶ 221-223, the Government recommends making "victim" plural, to account for the numerous victims in this case.

Respectfully submitted,

HAYDEN O'BYRNE
UNITED STATES ATTORNEY

By: /s/ Lacee Elizabeth Monk
Lacee Elizabeth Monk
Assistant United States Attorney
Florida Bar No. 100322
U.S. Attorney's Office
99 N.E. 4th Street
Miami, FL 33132-2111
Telephone: (305) 961-9427
Email: lacee.monk@usdoj.gov

/s/ Jessica L. Urban
Jessica L. Urban
Florida Special Bar ID No. A5503222
Trial Attorney
Child Exploitation and Obscenity Section
Criminal Division
U.S. Department of Justice
1301 New York Avenue NW
Washington, DC 20005
Phone: (202) 353-4146
Email: Jessica.Urban@usdoj.gov

/s/ Eduardo Palomo
Eduardo Palomo

        Florida Special Bar ID No. A5503186
        Trial Attorney
        Child Exploitation and Obscenity Section
        Criminal Division
        U.S. Department of Justice
        1301 New York Avenue NW
        Washington, DC 20005
        Phone: (202) 305-9635
        Eduardo.Palomo2@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on April 28, 2025, I filed this document electronically using the CM/ECF system and thereby caused a copy of the same to be served on all counsel of record.

                                      */s/ Jessica L. Urban*
                                      Jessica L. Urban
                                      Trial Attorney